IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DARIAN POSTELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 123-007 |
| | ) | |
| WARDEN SMITH,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at Macon State Prison in Macon, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2254. Petitioner originally filed his petition in the Middle District of Georgia, and Chief United States District Judge Marc T. Treadwell transferred the case to this District because Petitioner seeks to challenge his conviction in the Superior Court of Richmond County, Georgia. (See doc. no. 3.) Upon initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this case should be **DISMISSED** without prejudice and this civil action be **CLOSED**.

I.   BACKGROUND

Petitioner pled guilty to one count of burglary and one count of contributing to the delinquency of a minor in Richmond County, Georgia. (Doc. no. 1, p. 1 (citing State v. Postell, 2009-RCCR-405 (Richmond Cty. Sup. Ct. May 7, 2010)); see also Richmond County Clerk

---

[1] The Court **DIRECTS** the Clerk of Court to update the Respondent in accordance with the above caption, which is consistent with Petitioner's petition. (Doc. no. 1, p. 1.)

of Court Web Docket, available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Postell, Darian," open 2009RCCR405, last visited February 7, 2023, Attach. 1.); United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings). On May 7, 2010, the trial court sentenced Petitioner to fifteen years in prison and five years probation, and on November 21, 2022, Petitioner moved to modify his sentence. (Doc. no. 1, pp. 2, 4; State v. Postell, 2009-RCCR-405.) The trial court denied the motion and Petitioner subsequently filed two more motions to modify his sentence on April 8, 2021, and February 23, 2022. (Doc. no. 1, p. 4.) Petitioner did not receive a response to either motion. (Id.) On November 3, 2022, Petitioner moved to withdraw his guilty plea, which the trial court denied on January 9, 2023. (Id. at 3.)

Petitioner never filed a direct appeal for his state court sentence or trial court motions to modify his sentence. (Doc. no. 1, pp. 1-2); see also https://www.gaappeals.us/docket (select "Search Docket"; then search for "Darian Postell," which outputs "0 results," last visited February 7, 2023, Attach. 2.) Nor did Petitioner seek state habeas corpus relief for any portion of his state court case, but instead moved directly to filing the instant federal habeas corpus petition, in which he argues: (1) the trial court erred when not supressing a confession in violation of the Fifth and Fourteenth Amendment, (2) he is serving a longer sentence than allowed for the burglary charge, (3) the trial court could not revoke Petitioner's probation for failure to pay restitution, and (4) the Magna Carta supports his release. (Doc. no. 1, pp. 5-10.)

Petitioner concedes he has not yet filed an appeal but is "doing so now." (Id. at 5.) While it is unclear if Petitioner is seeking federal habeas corpus relief against his state sentence

or the motions to modify his sentence, the outcome would remain the same, as explained below.

II.     **DISCUSSION**

    A.     **The Petition Should Be Dismissed for Failure to Pay the Filing Fee**

Petitioner failed to move to proceed *in forma pauperis* ("IFP") or pay the $5.00 filing fee. The Clerk of Court in the Southern District of Georgia issued a deficiency notice after Petitioner's case was transferred to this district, informing him noncompliance could result in dismissal of his case. (See doc. no. 6.) The time to respond to the notice has expired and Petitioner has not submitted the filing fee or moved to proceed IFP. Therefore, dismissal without prejudice is appropriate.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (per curiam) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a litigant has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (per curiam) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) & (c) (Court may dismiss an action sua sponte for "[w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable

3

promptness.").

Here, the deficiency notice explained Petitioner must pay the $5.00 filing fee or move to proceed IFP if he intends to pursue this case. (Doc. no. 6.) Petitioner's failure to comply with the notice evidences non-compliance and amounts to a failure to prosecute. Because Petitioner has not paid the filing fee, the Court finds that the imposition of monetary sanctions is not a feasible sanction. Dismissal for failure to comply with the deficiency notice is appropriate.

> **B.     Petitioner is Not Entitled to Relief Regardless Because of Petitioner's Failure to Exhaust Administrative Remedies**

Even if Petitioner had paid the filing fee or moved to proceed IFP, the petition is subject to dismissal pursuant to initial review because it "plainly appears from the face of the petition that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

> **1.     The Exhaustion Requirement**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489

U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

    **2.**    **Petitioner Failed to Exhaust State Remedies**

Here, Petitioner concedes he has not yet filed a state habeas corpus petition but contends

he is "doing so now." (Doc. no. 1, p. 5.) Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging his sentence or modifications to that sentence, resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972). [2]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion). However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id.

Specific to Petitioner's claims, Georgia law is clear that, subject to various state procedural requirements, the state courts are available for Petitioner to raise claims concerning his sentence from a state court judgment. Picard, 404 U.S. at 275. Nothing in the record suggests

---

[2]Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Petitioner would be prevented from pursuing relief of his claims in the state habeas courts, and such exhaustion will allow for factual development of the claims and provide the state courts the first opportunity to correct any alleged constitutional violations.[3]

In sum, Petitioner concedes he has not yet filed any state habeas petition, and therefore, his claims are not properly before this Court.

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of February, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] The Court recognizes that the one-year statute of limitations imposed AEDPA, 28 U.S.C. § 2244(d), also may have expired in this case regarding his state court sentence imposed in 2010. However, the Court is unwilling to make a dispositive recommendation that the petition is time-barred.

Welcome to the docket feature provided by the office of Richmond County Superior Court Clerk - Hattie Holmes Sullivan.

View case dockets by entering the case number, party's name, and/or CSE number.
Once found, click the '+' button to the left of the case number to view docket.

[ New Search ]

| | |
|---:|:---|
| Case # | |
| Name | Postell, Darian |
| Alias | |
| Citation | |
| System Wide Search | |
| Filed From / Filed To | |

☐ All
☑ Superior Court
☐ State Court

[ Search ]   [ Clear ]

Please click the ⊕ / ⊖ buttons to the left of the results to expand/collapse case details

## Court Officials and Attorneys
## Login Here

User Name

Password

☐ Remember My User Name

[ Log In ]

Version 5.1.1.1

| Case # | Defendant | Judge | Status | Filing | Court Date |
|---|---|---|---|---|---|
| 2008RCCR00437 | POSTELL, DARIAN DEANDRE | ASHLEY WRIGHT | CL | 4/1/2008 | |
| 2008RCCR01083 | POSTELL, DARIAN DEANDRE | CARL C. BROWN JR. | CL | 8/26/2008 | |
| 2008RCCR01266 | POSTELL, DARIAN DEANDRE | ASHLEY WRIGHT | CL | 9/29/2008 | |
| 2009RCCR00405 | POSTELL, DARIAN DEANDRE | DANIEL J. CRAIG | CL | 3/24/2009 | |

### Charges

| Charge # | Violation code | Offense | Offense Date | Disposed On | Disposition Method | Disposition Stage | Arrest Date | Felony/Misdemeanor |
|---|---|---|---|---|---|---|---|---|
| 1 | 16-7-1 | BURGLARY | 2/17/2009 | 5/6/2010 | GUILTY PLEA | P | 2/18/2009 | F |
| 2 | 16-12-1 | CONTRIBUTING TO DELINQUENCY OF MINOR (M) | 2/17/2009 | 5/6/2010 | GUILTY PLEA | P | 2/18/2009 | M |

### Sentencing

| Charge# | Sentence Date | Sentence | Base Fine | Total Due | Years | Months | Days | Hours |
|---|---|---|---|---|---|---|---|---|
| 1 | 5/6/2010 | CONCURRENT WITH PRIOR SENTENCE | | | | | | |
| 1 | 5/6/2010 | RESTITUTION | | | | | | |
| 1 | 5/6/2010 | FEES | | | | | | |
| 1 | 5/6/2010 | FINE | $1,215.00 | $1,618.75 | | | | |
| 1 | 5/6/2010 | PROBATION | | | 5 | | | |
| 1 | 5/6/2010 | CONFINEMENT | | | 15 | | | |
| 2 | 5/6/2010 | CONCURRENT WITH PRIOR COUNT | | | | | | |
| 2 | 5/6/2010 | CONFINEMENT | | | | 12 | | |

### Attorneys

| Name | Represents |
|---|---|
| WEBER , DAVID V | D |
| JEFFORDS , TANYA D. | D |

### Proceedings/Events

| Date | Court Date | Type |
|---|---|---|
| 3/24/2009 | | INDICTMENT |
| 3/27/2009 | | NOTICE OF DEFENDANT'S ELECTION TO PROCEED UNDER OCGA SECTION & CONSOLIDATED MOTION AND DEMANDS FOR DISCOVERY , STATEMENTS, SCIENTIFIC REPORTS & OTHER ENUMERATED MOTIONS |
| 4/14/2009 | | STATE'S DEMAND FOR DISCOVERY |
| 10/9/2009 | | DC CONTRACT, INDICTMENT, CHANGE OF PLEA, ACK AND WAIVER OF RIGHTS, ORDER OF VOLUNTARINESS OF PLEA & ADMISSION TO AUG JUDICIAL CIRCUIT DC, WAIVER OF RIGHTS TO ASSERT GROUNDS AS BASIC FOR MOTION OF RECUSAL, CONSENT FOR DISCLOSURE |
| 10/9/2009 | | ORDER FOR RESTITUTION |
| 11/12/2009 | | ORDER TEMPORARILY REVOKING DEFENDANTS BOND |
| 1/27/2010 | | ARRIGNMENT SHEET |
| 1/27/2010 | | NOTICE OF TERMINATION FROM DRUG COURT |
| 5/7/2010 | | SENTENCE |
| 6/14/2010 | | AFFIDAVIT OF CUSTODIAN |
| 3/25/2011 | | SENTENCING HEARING TRANSCRIPT |
| 11/21/2011 | | PRO SE MOTION TO MODIFY SENTENCE |
| 1/13/2012 | | DEFT'S LETTER |
| 3/26/2012 | | PRO SE MOTION TO COMPEL |

| Date | | Description |
|---|---|---|
| 3/30/2012 | | PRO SE MOTION TO COMPEL |
| 5/30/2012 | | ORDER DISMISSING DEFENDANTS PRO SE MOTION TO MODIFY SENTENCE |
| 6/11/2012 | | DEFT'S LETTER |
| 10/6/2016 | | PAROLE CERTIFICATE |
| 4/8/2021 | | MOTION TO MODIFY SENTENCE |
| 8/19/2021 | | DEFENDANT'S LETTER |
| 9/27/2021 | | DEFENDANT'S LETTER |
| 2/23/2022 | | PRO SE MOTION TO MODIFY SENTENCE |
| 4/14/2022 | | DEFENDANT'S LETTER |
| 9/12/2022 | | DEFENDANT'S LETTER |
| 11/3/2022 | | PRO SE MOTION TO WITHDRAW GUILTY PLEA |
| 1/19/2023 | | ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA |
| 2/7/2023 | | PRO SE MOTION TO WITHDRAW GUILTY PLEA |

| | Case Number | Name | Judge | Type | Date 1 | Date 2 |
|---|---|---|---|---|---|---|
| ⊕ | 2010RCCR00557 | POSTELL, DARIAN DEANDRE | J. CARLISLE OVERSTREET | CL | 4/20/2010 | |
| ⊕ | 2019RCCR01800 | POSTELL, DARIAN DEANDRE | JESSE C. STONE | OP | 12/3/2019 | 3/12/2020 |



New Search

# Docket Search

## 0 results for "Darian Postell"

Return to top



The Court of Appeals of the State of Georgia

330 Capitol Ave., S.E.
1st Floor, Suite 1601
Atlanta, Georgia 30334
(404) 656-3450