IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DARIAN POSTELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 123-007 |
| | ) | |
| WARDEN SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. The Magistrate Judge recommended dismissing the habeas corpus petition because Petitioner failed to: (1) exhaust state court remedies, and (2) pay the $5.00 filing fee or move to proceed *in forma pauperis* ("IFP"). Although Petitioner did not file objections, he belatedly filed a motion to proceed IFP. (Doc. nos. 9, 10.) Petitioner has submitted an inmate trust account statement showing that he has insufficient funds to pay the $5.00 filing fee, therefore, the Court **GRANTS** Plaintiff's request to proceed IFP. (Doc. no. 9.)

Thus, dismissal for failure to exhaust state court remedies is the only proper basis for dismissal. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge, as modified herein, as its opinion and **DISMISSES** this petition filed pursuant to 28 U.S.C. § 2254 without prejudice.

A prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 19th day of April, 2023, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

2